UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

_____

NO. 2013-5070

_____
_____

CHARLES J. RUSSELL,

Plaintiff - Appellant

v.

United States,

Defendant - Appellee

_____

APPEAL FROM THE UNITED STATES COURT OF FEDERAL CLAIMS, IN
NO. 08-CV-0349, SENIOR JUDGE LOREN A. SMITH

_____

ORIGINAL REPLY BRIEF OF APPELLANT CHARLES J. RUSSELL

_____

ATTORNEY FOR APPELLANT
John B. Wells
Attorney for Appellant
LA Bar #23970
P. O. Box 5235
Slidell, LA 70469-5235
769 Robert Blvd, Suite 201D
Slidell, LA 70458
985-641-1855
985-649-1536 (fax)
JohnLawEsq@msn.com

## <u>CERTIFICATE OF INTEREST</u>

NOW COMES BEFORE this Honorable Court, pursuant to Rule 47.6, attorney for appellant, Charles J. Russell, John B. Wells Esquire, to file the required certificate of interest providing herein:

The represented party in this case is Charles J. Russell.

The real party in interest is Charles J. Russell.

The corporate disclosure statement require by Rule 26.1 does not apply.

The appellant will be represented by the Law Office of John B. Wells, 769 Robert Blvd., Suite 201D, Slidell, LA 70458.

There are no corporations involved in this appeal.

/s/ John B. Wells
John B. Wells

i

# TABLE OF CONTENTS

Certificate of Interest............................................................. i

Table of Authorities.............................................................. iv

Statement of the Case............................................................ 1

Statement of Facts.............................................................. 1

Summary of the Argument....................................................... 2

Argument..................................................................... 3

I      Standard of Review......................................................... 3

II     The Issues Raised in the Appellees Brief Are Not Relevant to This Appeal
       and Are Otherwise Without Merit. ........................................ 4
       A.    The Navy's Determination Was Arbitrary And Capricious Because
             The Navy Did Not Consider Factors Relevant To Whether Mr.
             Russell Was Unfit For Duty At Time Of Separation Due To PTSD. . 4
       B.    The Navy's Determination That Mr. Russell Was Not Unfit For Duty
             At Time Of Separation Due To PTSD Was Unsupported By
             Substantial Evidence.................................................. 7
             1.    The Fitness Report From a Deployed Unit Thousands of Miles
                   Away from Where Appellant Was Undergoing Hospitalization
                   and Physical Therapy Does Not Reflect His Fitness For Duty. 7
             2.    The Commendation From the Chaplain For Appellant's
                   Woodworking Ability, a Proven Therapy for PTSD, Has No
                   Bearing Upon His Ability to Command a Squad of Marines in
                   Combat.......................................................... 9

III    The Court Below Erred in Not Assigning a Disability Rating for the
       Appellant's Post Traumatic Stress Disorder (PTSD)..................... 10
       A.    The Court Properly Found That Sgt. Russell Suffered from PTSD at
             Time of Discharge.................................................. 10
       B.    An Initial Rating of 50% Should Have Been Assigned at Time of

Discharge Pursuant to 38 C.F.R. § 4.129 . . . . . . . . . . . . . . . . . . . .  12

C.    The Court below Erred by Not Remanding the Case to the Navy
      Physical Evaluation Board to Ascertain Whether the PTSD Made the
      Plaintiff Unfit for Service and Whether the Final Rating Should Have
      Been Fixed at a Minimum of 30%. . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

# TABLE OF AUTHORITIES

**Cases**:

*Bannum, Inc. v. United States* 404 F.3d 1346 (Fed. Cir. 2005. . . . . . . . . . . . . . . 10

*Bowen v. American Hosp. Ass'n,* 476 U.S. 610 (1986). . . . . . . . . . . . . . . . . . . . . . 7

*Craft v. United States*, 544 F.2d 468 (Ct.Cl. 1976). . . . . . . . . . . . . . . . . . . . . . . . 4

*Dorl v. United States*, 200 Ct. Cl. 626 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 105 S.Ct. 1598, 84 L.Ed.2d 643

(1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Impresa Construzioni Geom. Domenico Garufi v. United States,* 238 F.3d 1324

(Fed. Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Marsh v. Oregon Natural Res. Council,* 490 U.S. 360 (1989). . . . . . . . . . . . . . . . 7

*Max Jordan Bauunternehmung v. The United States*, 10 Cl.Ct. 672 (1986). . . . . . 8

*Milena Ship Management Company v. R. Richard Newcomb*, 995 F.2d 620 (5th

Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Motor Vehicles Mfrs. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co.*,

463 U.S. 29, (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Radio Steel & Mfg. Co. v. MTD Prods., Inc*., 731 F.2d 840 (Fed.Cir.1984). . . . . . 4

*Renicker v. United States*, 17 C. Ct. 611 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Russell v. United States*, 102 Fed. Cl. 9 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Statutes:**

National Defense Authorization Act for Fiscal Year 2008, Pub.L. No. 110–181, §

1642, 122 Stat. 3, 465 (2008) (codified at 10 U.S.C. § 1216a(a)(1)). . . . . . . . . 2, 12

Other Authorities:
38 C.F.R. § 4.129.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 12

DSM-IV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,6, 7, 11

SECNAVINST 1850.4E. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

http://www.finewoodworking.com/item/39206/woodworking-at-veterans-hospital.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Statement of the Case

Appellee does not challenge the Statement of the Case.

## Statement of Facts

Appellee claims that the Statement of Facts presented in the opening brief was incomplete then reiterates many of the facts delineated in the opening brief. Appellee then emphasizes the completion of a post-deployment health care provider report which had no bearing on this appeal.   Appellee further recalled a fitness report, written by a reporting senior thousands of miles away in Iraq who had not observed the Appellant for months.  Appellee went on to note a commendation that reflected Appellant's performance assisting a Chaplain rather than his Military Operational Specialty which required him to command a Marine Squad in combat.

Appellee concedes that the VA has rated Appellant as 30% disabled for Post Traumatic Stress Disorder.  This rating, which was retroactive only to the date of filing, was based on new evidence submitted to the VA and does not reflect the date that PTSD was triggered.

While the Navy PEB found that Sgt. Russell was not unfit due to PTSD, Appellee failed to note that the court below overruled this finding stating that it was arbitrary and capricious and unsupported by substantial evidence.

1

The court below invalidated the actions of the PEB as it related to PTSD, in its November 17, 2011 Opinion and Order. A310-11. This Opinion and Order was never vacated.

## Summary of the Argument.

Appellee seems to be arguing the wrong appeal. The issue of whether the actions of the Physical Evaluation Board were arbitrary and capricious, unsupported by substantial evidence and contrary to law and regulation is not at issue in this appeal. They were decided in the court below. A308-311. Appellee, if he desired to re-litigate those findings, should have filed a cross-appeal. None was filed and the issues raised by defendant are not properly before this Court.

In an abundance of caution, however, the correct analysis and the findings of the court below confirm that the government's arguments are without merit. The failure to rely on the DSM-IV series or to consider the evidence of delayed onset PTSD was arbitrary and capricious. The "substantial" evidence proffered by Appellee is really innocuous and of little or no value.

The court below could not fashion a remedy because of the prospective nature of National Defense Authorization Act for Fiscal Year 2008, Pub.L. No. 110–181, § 1642, 122 Stat. 3, 465 (2008) (codified at 10 U.S.C. § 1216a(a)(1)). The court below erred, however, because the version of 38 C.F.R. § 4.129 in effect

at the time Sgt. Russell was discharged provided for an initial assessment of 50%
disability. Once the court found that the delayed onset PTSD should have been
imputed back to the stressor, A308, the provisions of 38 C.F.R. § 4.129 were
triggered retroactive to the date of the stressor.

## Argument.

## I  Standard of Review.

Appellees argue in their recitation of the standard of review that the
Appellant does not challenge the Navy's findings. No challenge is necessary
because that matter was already decided in the court below and Appellee has not
filed a cross-appeal concerning the court's findings.

After the court granted judgment for the Appellant on the PTSD issue,
another hearing to determine a remedy, if any, was ordered. Both parties briefed
that issue. Notably the court in its opinion of September 28, 2012, defined the
scope of the subsequent ruling by noting:

> In this case, the Court previously found that the Navy failed to
> employ medically accepted procedures for identifying Post Traumatic
> Stress Disorder ("PTSD"), and held that the Navy's decision not to
> find PTSD was arbitrary, capricious, and not supported by substantial
> evidence. *Russell v. United States*, 102 Fed. Cl. 9 (2011) ("*Russell*").
> The question now before this Court is whether Plaintiff is entitled to
> any remedy.

A201. The court below never vacated that finding.

3

It is well settled that "a party will not be permitted to argue before us an issue on which it has lost and on which it has not appealed, where the result of acceptance of its argument would be a reversal or modification of the judgment rather than an affirmance." *Radio Steel & Mfg. Co. v. MTD Prods., Inc*., 731 F.2d 840, 844 (Fed.Cir.1984).  The Appellees attempt to ignore or modify the findings of the court below are improper absent a cross-appeal.

Appellees then argue that the Appellant never requested a remand in the court below.  This is not correct.  A remand was requested in the Motion to Reconsider.  A10212.

Appellees further argue that the Appellant can only challenge the PEB's decision by showing clear and cogent evidence.  Again this issue is not before the court on this appeal absent a cross-appeal.  Additionally, as outlined in the decision cited by the government, *Dorl v. United States*, 200 Ct. Cl. 626, 633 (1973), this is the standard for a correction board and not for a physical evaluation board.  Instead, the Court of Federal Claims applies the traditional standards of review for PEBs.  *Craft v. United  States*, 544 F.2d 468, 475 (Ct.Cl. 1976).

**II      The Issues Raised in the Appellees Brief Are Not Relevant to This Appeal  and Are Otherwise Without Merit**.

   **A.      The Navy's Determination Was Arbitrary And Capricious**

**Because The Navy Did Not Consider Factors Relevant To Whether Mr. Russell Was Unfit For Duty At Time Of Separation Due To PTSD**.

The decision of the Physical Evaluation Board and the petition for review are not properly before this Court absent a cross-appeal. Since the issue was raised by the Appellee, however, Appellant will address them in an abundance of caution. Without question, as the court below specifically found, the decision of the PEB was certainly arbitrary and capricious. To find that a decision was arbitrary and capricious, the "Court must review whether a rational basis for the agency's decision was lacking or a violation of an applicable regulation or procedure. . . " *Impresa Construzioni Geom. Domenico Garufi v. United States,* 238 F.3d 1324,1333 (Fed. Cir. 2001).

A reviewing court must evaluate the agency action to determine whether it was based on the consideration of all relevant factors and whether there was a clear error of judgment. *Motor Vehicles Mfrs. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983). Additionally, the agency must articulate an explanation for its decision that rationally connects the facts and the decision. *Id.* The standard to determine whether the actions of an agency are arbitrary and capricious, was announced in *Milena Ship Management Company v. R. Richard Newcomb,* 995 F.2d 620 (5th Cir. 1993). In *Milena Ship,* the Fifth

Circuit held that the decision must be reviewed to determine whether the agency acted within its authority, adequately considered all the relevant factors, and provided a reasoned basis for its decision. *Id*. at 623.

The PEB did not consider all aspects of the problem or the relevant factors. Their decision was not reasoned. It was actually irrational. Additionally, the Navy Council of Personnel Boards merely rubber stamped the actions of the PEB. While the PEB claimed to have considered all relevant evidence, they failed to do so and did not articulate an adequate explanation for their findings.

The authority for the diagnosis of PTSD is the Diagnostic and Statistical Manual of Mental Disorders version IV and IV-TR. The PEB's finding that there was no evidence of PTSD because of a lack of reportable symptoms or diagnosis while on active duty is clearly erroneous. A10167. Both versions of the DSM-IV recognize that PTSD is a delayed onset disease. In delayed onset PTSD, at least six months pass before the symptoms manifest. In fact, the symptoms may not be evident for years. Yet all experts agree that the symptoms must be imputed back to the traumatic event or stressor.

SECNAVINST 1850.4E ¶8013 requires that psychiatric decision be made in consonance with DSM-IV. In the instant case, neither the PEB nor the Director even cited the DSM-IV series. Notably no psychiatrist or psychologist served on

6

this particular board.  This was the functional equivalent of lay people disagreeing with qualified mental health professionals.

Nor did the PEB or the director give a reasoned basis for not complying with the DSM-IV.  They merely ignored the manual's guidance.  As the court below noted, the refusal to comply with accepted medical principles is arbitrary and capricious.  A310.

**B.  The Navy's Determination That Mr. Russell Was Not Unfit For Duty At Time Of Separation Due To PTSD Was Unsupported By Substantial Evidence.**

1.  The Fitness Report From a Deployed Unit Thousands of Miles Away from Where Appellant Was Undergoing Hospitalization and Physical Therapy Does Not Reflect His Fitness For Duty.

This issue is not properly before the Court absent a cross-appeal.  Since it was raised in the Appellee brief, however,  Appellant, in an abundance of caution, will address it.  The deferential standard of review owed to military board decisions does not excuse the Board from considering all of the relevant evidence and proffering an explanation that establishes a "rational connection between the facts found and the choice made." *Bowen v. American Hosp. Ass'n,* 476 U.S. 610, 626 (1986); *see also  Marsh v. Oregon Natural Res. Council,* 490 U.S. 360, (1989).   A court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of

judgment". *Id*. Substantial evidence is more than a scintilla. It must constitute a reasonable basis for the inferences that were drawn. *Max Jordan Bauunternehmung v. The United States*, 10 Cl.Ct. 672, 676 (1986). To constitute substantial evidence, the evidence must be able to convince an unprejudiced mind of the truth of the facts to which the evidence is directed. *Id*. (Citations omitted). If this evidence is inherently suspect then it should be given little weight. While the reviewing court cannot substitute its judgement for the agency, it must take into account the weight of countervailing evidence to decide if the fact finder reached a reasonable conclusion. *Renicker v. United States*, 17 C. Ct. 611 (1989).

As substantial evidence, the government touts a fitness report prepared two months before Sgt. Russell's separation that praised him as a highly qualified professional (A10163). The report was really quite vanilla with few comments and Sgt. Russell was rated in the center of the mass. (A10163 ¶3). Notably the report was a combat report which applied only to the period prior to his injury and medical evacuation. (A10163 ¶1). More important, the report was prepared by a unit deployed thousands of miles away in Iraq. There were no unit representatives at the hospital in Maryland or California. The only observations made by the unit occurred during the period prior to his injury.

The parent unit is required to complete a periodic evaluation. Based on a

lack of observation, it is obvious that the unit filed a vanilla report drawn from their limited pre-injury observation to fulfill the administrative requirement.

Obviously this report has little reliability and is inherently suspect. It does not constituted substantial evidence or any evidence at all post-injury.

> 2.  <u>The Commendation from the Chaplain for Appelalnt's Woodworking Ability, a Proven Therapy for PTSD, Has No Bearing Upon His Ability to Command a Squad of Marines in Combat</u>.

The government also touts as substantial evidence, the fact that Appellant received a commendation for his work at the station Chapel. One could not envision a position with greater separation assignment from combat. While setting up a food locker and assisting with the Adopt a School program might be duties commensurate with a religious programs specialist, they are a far cry from leading a squad of Marine riflemen in combat. The woodworking project is also a far cry from small unit search and destroy missions, but it is helpful as a therapy for PTSD. *See, e.g.* http://www.finewoodworking.com/item/39206/woodworking-at-veterans-hospital. The fact is that this experience in no way determines whether or not Sgt Russell could be a Squad leader in a combat situation. Working with his hands in the quiet serenity of the Chapel is much different that shooting and being shot at while moving house to house in Fallujah.

9

While the stay at the Chapel might point to Sgt. Russell's ability to live a serene life, it cannot be considered substantial evidence to support the lack of PTSD. This type of occupation is similar to those selected by PTSD victims. Unfortunately, there are no billets for Marine Sergeants to act as a woodworking specialist or Chaplain's Assistants.[1] Consequently, this evidence should be disregarded as irrelevant.

## III. The Court Below Erred in Not Assigning a Disability Rating for the Appellant's Post Traumatic Stress Disorder (PTSD).

### A. The Court Properly Found That Sgt. Russell Suffered from PTSD at Time of Discharge.

Appellee did not disagree with the court's finding or provide any analysis that called it into question. They merely ignored it. The fact remains that the court found that the "PTSD was in the Court's view clearly apparent or should have been before the Plaintiff's discharge." A308. Absent a cross-appeal and a showing that the court below committed clear error, this factual finding cannot be disturbed. *Bannum, Inc. v. United States* 404 F.3d 1346, 1354 (Fed. Cir. 2005). Appellee made no such cross-appeal or showing of error and the court's below's finding must stand.

---

[1] Marine Corps Chaplains and their assistants are actually provided by the Navy. The same holds true for medical professional.

Consequently, it is irrelevant to this appeal whether or not the PEB acted correctly.  The lower court has found that it did not and Appellee has made no challenge to that decision.  They cannot now re-litigate the underlying decision without showing clear error on the part of the Court of Federal Claims.

Although Appellees in their brief argues that the PEB did not violate a law or regulation that is not the case.  As explained in the Appellant's opening brief and by the court below in its well reasoned November 2011 opinion, the PEB violated SECNAVINST 1850.4E ¶8013 by not ensuring that the PTSD diagnosis was made in accordance with DSM-IV.  A 308.  As explained in the opening brief, both versions of the DSM-IV recognize that PTSD is a delayed onset disease.  The court below, in its factual findings found that the PEB failed to utilize the DSM-IV series and take into account the delay in the onset of PTSD, which often take at least six months before the symptoms manifest.  A308.

Nor can the Post Deployment Health assessment dated 9 July 2003 relied upon by the PEB and the government help their case  A 10167, 10086-10087.  The court below reviewed and considered the applicability of the questionnaire in formulating this opinion.  A307.  As explained in the opening brief, this survey was not a PTSD assessment and nothing in it could be expected to identify PTSD.  The court below agreed.

11

**B.     An Initial Rating of 50% Should Have Been Assigned at Time of Discharge Pursuant to 38 C.F.R. § 4.129.**

In their brief, Appellee does question the applicability of 38 C.F.R. § 4.129. Even then, however, Appellee states that § 4.129 is not applicable "[b]ecause the Navy found that Mr. Russell was not unfit due to PTSD at time of separation, the Navy's determination not to assign a rating to Mr. Russell's PTSD could not have violated 38 C.F.R. § 4.129." Again the Appellee focused on the decision of the PEB and not the factual findings of the Court that are part of the law of the case.

The fact remains that the court below found that Sgt. Russell suffered from PTSD at the time of discharge. The only remaining issue was that of whether or not the PTSD made him unfit for duty. That matter is discussed below. Here the court found that because the National Defense Authorization Act for Fiscal Year 2008, Pub.L. No. 110–181, § 1642, 122 Stat. 3, 465 (2008) (codified at 10 U.S.C. § 1216a(a)(1)), was prospective, it could not utilize its provisions to fashion a remedy. A 205. Where the court erred however, is not applying the language of § 4.129 which, at the time of Sgt. Russell's discharge provided the same protection. This earlier provision of § 4.129 gave the court the basis for a remedy and the court below erred in not exercising it.

**C.     The Court Below Erred by Not Remanding the Case to the Navy Physical Evaluation Board to Ascertain Whether the PTSD Made**

**the Plaintiff Unfit for Service and Whether the Final Rating
Should Have Been Fixed at a Minimum of 30%.**

The crux of the Appellee's argument is that the court found evidence that

the PEB properly found the PTSD did not affect Sgt. Russell's fitness for further

service. The problem with that argument is that the PEB's decision flowed from

their arbitrary and capricious finding that Sgt. Russell did not suffer from PTSD.

As explained in the opening brief, the PEB did not specifically find that Sgt.

Russell was unfit for further service due to the PTSD. A 204. A finding of

unfitness was impossible because the PEB believed that the PTSD did not exist at

the time of discharge.

Although the Appellee stated that the Appellant did not raise the issue of

remand in the court below, it was raised in the Motion to Reconsider. A10212. It

was not raised previously because the court had never before questioned whether

or not the PTSD made Sgt. Russell unfit for service. The remand request was

raised as an alternative relief in response to the decision of the court. As discussed

in the opening brief, a remand is always appropriate when the record does not

allow for a proper evaluation of agency action. *Fla. Power & Light Co. v. Lorion,*

470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). Since the PEB did not

have the opportunity to rate the disability once it was found that the PTSD was

present at discharge, a remand is appropriate to complete the record. That is more logical than merely refusing to find a remedy.

Consequently, this court should reverse and remand to the court below with orders to determine the fitness or unfitness for duty and final disability evaluation or if they cannot do so, remand to the PEB for those determinations.

### Conclusion.

For the reasons delineated herein, the decision of the Court of Federal Claims should be reversed and remanded for further proceedings consistent with the ruling of this Court.

Respectfully Submitted,
/s/ John B. Wells
John B. Wells
LA bar #23970
P. O. Box 5235
Slidell, LA 70469-5235 (mail)
769 Robert Blvd., Ste 201D
Slidell, LA 70458 (physical)
985-641-1855
JohnLawEsq@msn.com

### CERTIFICATE OF SERVICE

I certify a copy of the foregoing has been served upon the Court and counsel for all parties this 2nd day of September via the court's EC/CMF system.

/s/ John B. Wells
John B. Wells

14

## CERTIFICATE OF COMPLIANCE

The brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3080 words by computer word count, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a monospaced typeface using Wordperfect with 14-point proportionally spaced face.

**/S/ John B. Wells**
John B. Wells